UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN OKEITH MAGEE,<br><br>Defendant. | Case No. 1:22-CR-00038-DCN-DKG<br><br>**REPORT AND RECOMMENDATION** |

On March 14, 2023, Defendant BRIAN OKEITH MAGEE appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 17.) The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

**REPORT AND RECOMMENDATION - 1**

Defendant is a resident of Louisiana and he made his Rule 5(c)(3) appearance before the Eastern District of Louisiana, on November 28, 2022, and was ordered released on conditions. (Dkt. 3.) Defendant's initial appearance and arraignment in this District was held on December 13, 2022, where Defendant appeared by video. (Dkt. 6.) The Government did not request detention and the Defendant was ordered released upon standard conditions, including submitting to drug testing and treatment, obtaining mental health treatment, and notifying the pretrial services officer of any change in residence. (Dkt. 6, 14.) In addition, the Defendant was directed to resolve all pending warrants in Georgia within ninety days. (Dkt. 14.)

During the change of plea hearing, the Government indicated it is not requesting detention and represented that it has no information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Defendant been fully compliant with the terms and conditions of his pretrial release.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

**REPORT AND RECOMMENDATION - 2**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant BRIAN OKEITH MAGEE's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant BRIAN OKEITH MAGEE's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 17).

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 14).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 14, 2023

_Debra K. Grasham_
DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 3**